Taft, J.,
dissenting. In the Morgan case (No. 34311) the defendant was indicted under Section 12845, General Code (Section 2917.42, Revised Code), which reads:
“Whoever, having been subpoenaed or ordered to appear before either branch of the General Assembly, or before a standing or select committee of the General Assembly, or either branch thereof, fails so to do, or, having appeared, refuses to answer a question pertinent to the matter under inquiry * * (Emphasis added.)
If the General Assembly, by what it said in providing for the Un-American Activities Commission, expressed an intention that it should be regarded as something other than “a standing or select committee of the General Assembly,” then the foregoing statute did not authorize this defendant’s indictment. By Section 8, Article II of the Constitution of Ohio, authority is provided for obtaining information affecting legislative action “through committees or otherwise.” .It was not necessary therefore for the General Assembly to obtain the information to be secured by the Un-American Activities Commission through a “committee.” It could obtain it “otherwise.” State, ex rel. Herbert, v. Ferguson, Aud., 142 Ohio St., 496, 52 N. E. (2d), 980.
Under “Part First: Political, Title II, Legislative; Chapter 1, General Assembly,” of the General Code, there is a subtitle “Powers of Committees.” See “An Act to Revise and Consolidate the General Statutes of Ohio,” passed by the General Assembly of Ohio, February 14,1930, and approved by the Governor, February 15, 1910. Under this subtitle are six sections. *565 Provision is made by Section 57 for subpoenas for witnesses and for books, papers and records, by Section 58 for service thereof, by Section 59 for punishment for disobeying a subpoena or refusing to answer a pertinent question, by Section 60 for immunity with respect to testimony “before a committee or subcommittee,” by Section 61 for fees of sheriffs and witnesses, and by Section 62 for the administration of oaths. Prom a reading of these sections, it is apparent that they are to deal as stated therein with “a standing or select committee of the General Assembly or of either house thereof” or a “subcommittee” of such a “committee.” Section 57, General Code. The word ‘ ‘ committee ’ ’ is used in each section and appears 19 times in the six sections. The word “commission” is not used anywhere in these sections.
Provision was first made by statute for “the Un-American Activities Commission” by enactment of Sections 76-28 to 76-35, inclusive, General Code, in 1951. Section 76-28 states that “there is hereby created an Un-American Activities Commission in the legislative branch of the government.” (Compare this with the words “a standing or select committee of the General Assembly or of either house thereof” found in Section 57, General Code.) Thereafter, the word “commission” appears in each of the eight statutory sections (Sections 76-28 to 76-35, inclusive, General Code) and it appears a total of 29 times in those sections. Nowhere in those sections is there any suggestion that the General Assembly regarded this “commission” as a “committee.” It studiously and successfully avoided the use of the word “committee.” This was probably done because this “commission” was to act after the sine die adjournment of the General Assembly, and the General Assembly was probably fearful that a “committee” of the General Assembly would cease to have any existence on and after such adjournment, as apparently held by the decision of this court in Gayman v. State, ex rel. Rulison, Pros. Atty., 79 Ohio St., 444, 87 N. E., 1136 (affirming 11 C. C. [N. S.], 257, 21 C. D., 59).
Specific provisions were made in the act creating this “commission” for administering oaths, issuing subpoenas, compensation of witnesses, and punishment of witnesses disobeying a subpoena or refusing to testify. If the “commission” were a *566 “select committee of the General Assembly,” such provisions would have been unnecessary because of the provisions of Sections 57 to 62, General Code. However, no provision was made as to immunity with respect to testimony before such “commission”; and the provision made for punishment of witnesses before the “commission” (Section 76-32, General Code) was different from that which was provided for that purpose with respect to “committees” by Section 59, General Code.
My conclusion therefore is that the General Assembly clearly expressed an intention that the Un-American Activities Commission should be regarded as something other than a “committee of the General Assembly.” It follows that Section 12845, General Code, did not authorize the indictment in the Morgan case.
In the Raley case (No. 34361), for the purpose of escaping the contention that the witnesses should have been directed to answer questions after their claims of privilege (see Quinn v. United States, 349 U. S., 155, 99 L. Ed., 565, 75 S. Ct., 668; Emspak v. United States, 349 U. S., 190, 99 L. Ed., 585, 75 S. Ct., 687; and Bart v. United States, 349 U. S., 219, 99 L. Ed., 602, 75 S. Ct., 712), the decision of the majority is rested upon the premise that Section 60 (quoted so far as pertinent under IV in the majority opinion) grants immunity with respect to testimony before the Un-American Activities Commission. From the words of that section, it is clear that it relates only to “testimony * * * before a committee” of the General Assembly or of either house thereof or a subcommittee of such a “committee.” Since, as hereinbefore pointed out, the General Assembly clearly expressed an intention that the Un-American Activities Commission should be regarded as something other than such a “committee,” the premise relied upon by the majority will not support their decision. There is no statutory grant of immunity with respect to testimony before the Un-American Activities Commission.